# IN THE SUPREME COURT OF IOWA

No. 08–1483

Filed October 30, 2009

**IN THE INTEREST OF E.L.C.,**
Minor Child,

**STATE OF IOWA,**
Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

Minor child seeks further review of court of appeals' decision reversing juvenile court's denial of the State's motion to waive jurisdiction over the child to permit prosecution as an adult. **DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT DECISION AFFIRMED.**

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Brownell, Assistant County Attorney, for appellant.

M. Kathryn Miller, Juvenile Public Defender, Des Moines, for appellee minor child.

**PER CURIAM.**

Over a few days in August 2008, seventeen-year-old E.L.C. made a series of poor decisions resulting in the death of another person in a traffic accident. A delinquency petition was filed, but the State sought to have the juvenile court waive jurisdiction so E.L.C. could be prosecuted as an adult. After the juvenile court denied the State's motion, this court granted the State's application for interlocutory appeal. The matter was transferred to the court of appeals, where a divided court concluded the juvenile court abused its discretion in determining the State had failed to establish grounds for waiver of jurisdiction. We granted E.L.C.'s application for further review. Upon our review of the record, controlling law, and the parties' arguments, we vacate the court of appeals' decision and affirm the decision of the district court denying the State's motion.

Although we typically review decisions of the juvenile court de novo, when the legislature has granted the juvenile court discretion, as in the decision to waive jurisdiction, we review for an abuse of discretion. *State v. Tesch,* 704 N.W.2d 440, 447 (Iowa 2005). "An abuse of discretion occurs when the court's decision is based on grounds or reasons that are clearly untenable or unreasonable." *Id.* In assessing the court's exercise of discretion, we give weight to the court's factual determinations, particularly with respect to witness credibility, but we are not bound by them. *Id.*

In addition to other prerequisites not challenged here, before waiving jurisdiction, the juvenile court must determine

> that the state has established there are not reasonable prospects for rehabilitating the child if the juvenile court retains jurisdiction over the child and the child is adjudicated to have committed the delinquent act, and that waiver of the court's jurisdiction over the child for the alleged

commission of the public offense would be in the best interests of the child and the community.

Iowa Code § 232.45(6)(*c*) (2007). In making this determination, the juvenile court must consider the following factors, but is not limited to these considerations:

> *a.* The nature of the alleged delinquent act and the circumstances under which it was committed.
>
> *b.* The nature and extent of the child's prior contacts with juvenile authorities, including past efforts of such authorities to treat and rehabilitate the child and the response to such efforts.
>
> *c.* The programs, facilities and personnel available to the juvenile court for rehabilitation and treatment of the child, and the programs, facilities and personnel which would be available to the court that would have jurisdiction in the event the juvenile court waives its jurisdiction so that the child can be prosecuted as an adult.

*Id.* § 232.45(8)(*a*)–(*c*).

The State contends the juvenile court abused its discretion by retaining jurisdiction because that decision "deprived [E.L.C.] of the best available option for her rehabilitation: the Polk County Attorney's Youthful Offender Pretrial Intervention Program." The district court found, however, that E.L.C. had no need for rehabilitation. We turn now to the facts.

The delinquent acts giving rise to this case began when E.L.C. struck another vehicle while driving without a license. A second accident occurred when E.L.C. drove away from the scene of the first accident, ran a red light, and struck a motorcyclist, causing his death. E.L.C. then attempted to walk away from the scene of the second collision, but was stopped by two bystanders. Based on these events, E.L.C. was charged with two counts of failure to give information and aid (one a simple misdemeanor and one a class "D" felony) and with one count of vehicular homicide (a class "C" felony).

A juvenile court officer (JCO) assigned to the case reported that E.L.C. was "a personable young woman who is aware of the seriousness of this situation." According to the JCO, E.L.C. had a happy home life, but at the time of the accidents was driving against her parents' express instructions to the contrary. He concluded "she panicked from the start of this series of events."

E.L.C. had no prior involvement with the court system. Although she had had some previous problems at school, there had been no "office referrals" for three years, and she was on schedule to graduate from high school. A school counselor testified that E.L.C. was "a model student," "very studious," and very respectful at school, had no "behavior problems . . . at all," and had "very good" attendance. E.L.C. held two part-time jobs, and the day before the accidents in question, she had enlisted in the National Guard. She had no history of substance abuse or psychological problems.

At the time of the alleged delinquent acts, E.L.C. was just two weeks shy of eighteen. The JCO reported that "[s]he is willing to cooperate with whatever services that would be offered and required of her if she remains in Juvenile Court." Nonetheless, the JCO recommended that the juvenile court waive jurisdiction. Although he did not necessarily think it was in E.L.C.'s best interest to be waived to adult court, he concluded if she were left in juvenile court, she "could never be held accountable for violations of her probation without first being found in contempt of court." Based on "the seriousness of the charge combined with [E.L.C.'s] age at the time of the offense," he concluded he was "left with only one option"—waiver.

At the hearing on the State's motion, the JCO testified consistently with his report. Pertinent to the State's argument on appeal that the

juvenile court deprived E.L.C. of the opportunities for rehabilitation offered by adult court, the JCO stated: "I didn't find any information that [E.L.C.] was in need of rehabilitation. As serious as this offense is, it seemed to me to be an isolated incident."

A psychologist who had examined E.L.C. testified that E.L.C. had no "rehabilitation needs" from a mental health standpoint. This witness testified that, other than punishment and retribution, there was no benefit to the community from prosecuting E.L.C. in the adult system. The psychologist believed that E.L.C. posed a minimal risk to the community and was unlikely to commit future crimes. Moreover, in the witness's opinion, E.L.C.'s prosecution as an adult might have a detrimental impact on E.L.C. The psychologist testified: "[P]rior to this for all practical purposes [E.L.C.] was on her way to becoming a contributing adult, and the adult system can sometimes impact that in a negative manner."

In denying the State's motion, the juvenile court concluded the State had not met its burden to prove it was in E.L.C.'s and the community's best interests for the court to waive jurisdiction. The court noted E.L.C. needed no rehabilitation. It concluded E.L.C.'s poor decisions were "errors of maturity" and that, during the eighteen months the juvenile court would have supervision of E.L.C., there could be "a tremendous amount" of maturing. *See generally* Iowa Code § 232.53(2) (allowing juvenile court to maintain jurisdiction until the child reaches nineteen and one-half years of age when dispositional order entered after child attains age of seventeen). Rejecting an argument that there were no consequences in juvenile court, the court pointed out that, if E.L.C. violated her juvenile probation, she could be held in contempt and jailed for up to six months. We think the juvenile court's rationale for

concluding it was not in E.L.C.'s best interest, nor in the community's best interest, to prosecute E.L.C. as an adult, was not unreasonable or untenable.

The juvenile court's factual finding that E.L.C. had no rehabilitative needs enjoys abundant support in the record, and on our review, we make the same finding. This finding renders insignificant the fact that adult court "has more options" than juvenile court and would provide E.L.C. "with the best option for rehabilitation," the Youthful Offender Program, as urged by the State.

We also find unpersuasive the State's argument that the juvenile court's failure to follow the recommendation of an experienced JCO indicates an abuse of discretion under the circumstances of this case. The JCO was clearly dissatisfied with both options: juvenile court and adult court. In fact, even the JCO acknowledged in his written report that he was not "comfortable stating that it is in [E.L.C.'s] best interest to be waived to the Adult Court." Perhaps the most direct response to the State's argument, however, is simply that it is the judge, not the JCO, who is obligated to make the decision as to whether the requirements for waiver have been met. While there may have been room for a difference of opinion in this case, that alone, or in combination with the other arguments made by the State, is not a basis to conclude the juvenile court abused its discretion.

Finally, the State expresses concern that the prospect of E.L.C.'s incarceration if jurisdiction were waived "received undue emphasis from the juvenile court." We disagree that this prospect received any "emphasis" by the juvenile court. The court simply recognized the possibility of incarceration, while acknowledging "that it's very unlikely." Surely this potential outcome, should E.L.C. be prosecuted as an adult,

is a relevant circumstance in determining whether it is in E.L.C.'s best interest to waive jurisdiction. Therefore, the juvenile court's proper consideration of this option does not support a conclusion the court abused its discretion.

In summary, we hold the juvenile court's decision was not unreasonable or untenable. Accordingly, the court did not abuse its discretion in refusing the State's request that the juvenile court waive jurisdiction over E.L.C. We vacate the court of appeals' contrary decision, affirm the decision of the district court, and remand this case for further proceedings consistent with our opinion.

**DECISION OF COURT OF APPEALS VACATED. DISTRICT COURT DECISION AFFIRMED.**

All justices concur except Cady, J., who takes no part.

This opinion shall not be published.